UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DERRICK HARRIS,**

      **Plaintiff,**

**v.**                                          **Case No. 8:25-cv-2172-KKM-AAS**

**SHERIFF BOB GUALTIERI, et. al.,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Defendants Bob Gualtieri, in his official capacity as Sheriff of Pinellas County, Florida and Pinellas County Deputy Sheriff Aaron W. Smith, in his official capacity, (collectively the defendants) request Rule 11 sanctions. (Doc. 19). Plaintiff Derrick Harris opposes the motion. (Doc. 23). It is **RECOMMENDED** that the defendants' Motion for Sanctions (Doc. 19) be **DENIED**.

## I.    BACKGROUND

On August 15, 2025, Mr. Harris filed a complaint against the defendants. (Doc. 1). The crux of the complaint is that the defendants violated his civil rights by inappropriately placing Mr. Harris on the National Sex Offender Registry. Mr. Harris alleges he was placed on the Registry because the Florida Department of Law Enforcement concluded the past charges against Mr. Harris from Indiana were similar to Florida Statute Section 800.04(6), which

prohibits lewd or lascivious conduct towards a person under the age of 16. However, Mr. Harris claims he was never required to register as a sex offender in Indiana, so he should not have been registered in Florida. In the complaint, Mr. Harris contends he was not required to register as a sex offender because his original charges in Indiana were dismissed and he never qualified for registration on the lesser charge to which he eventually pleaded guilty. (Doc. 1, p. 5).

The defendants move for sanctions on the ground that Mr. Harris's complaint contains false factual allegations. The defendants assert Mr. Harris:

> made the false factual allegation that even though FDLE concluded that his Indiana "charges involved in the conviction of [Plaintiff] was (sic) similar to Florida statute 800.04(6), which prohibit lewd or lascivious conduct toward a person under the age of 16" (Doc. 1, p. 5), he actually was not required to register as a sex offender in Indiana, as "*those original charges were dismissed* on January 12, 2005 by the Hon. Judge Sheila A. Carlisle, Marion Superior Court" *Id.* (emphasis added).

(Doc. 19, p. 6). In addition, the defendants assert Mr. Harris was charged and convicted of "Sexual Misconduct with a Minor/FD under Statute 35-42-4-9." Mr. Harris maintains no false statement is included in the complaint. (Doc. 30).

## II.  LEGAL STANDARD

Under Rule 11, an attorney or unrepresented party who submits a pleading, motion, or other paper certifies "to the best of the person's knowledge,

information, and belief, formed after an inquiry reasonable under the
circumstances:

> (1)    it is not being presented for any improper purpose, such as
> to harass, cause unnecessary delay, or needlessly increase
> the cost of litigation;
>
> (2)    the claims, defenses, and other legal contentions are
> warranted by existing law or by a non-frivolous argument for
> extending, modifying, or reversing existing law or for
> establishing new law;
>
> (3)    the factual contentions have evidentiary support or, if
> specifically so identified, will likely have evidentiary support
> after a reasonable opportunity for further investigation or
> discovery; and
>
> (4)    the denials of factual contentions are warranted on the
> evidence or, if specifically so identified, are reasonably based
> on belief or a lack of information."

Fed. R. Civ. P. 11(b).

 "A motion for sanctions must be made separately from any other motion
and must describe the specific conduct that allegedly violates Rule 11(b)." Fed.
R. Civ. P. 11(c)(2). Twenty-one days before filing a Rule 11 sanctions motion
with the court, the movant must serve a copy of the motion to the opposing
party to allow the party to withdraw or correct "the challenged paper, claim,
defense, contention, or denial." Fed. R. Civ. P. 11(c)(2). "This 'safe harbor'
provision is intended to emphasize the seriousness of the motion for sanctions
and define precisely the conduct allegedly in violation of the Rule." *Hooker v.
Wilkie*, No. 8:18-cv-2000-CEH-JSS, 2019 WL 6842083, at *1 (M.D. Fla. Dec. 16,

2019) (citing Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendment)). A movant's failure to satisfy this twenty-one-day safe harbor provision "forecloses Rule 11 sanctions." *Marcort v. Prem, Inc.*, 208 F. App'x 781, 786 (11th Cir. 2006); *see also Espanol v. Avis Budget Car Rental, LLC*, No. 8:10-cv-944-MSS-AEP, 2012 WL 12904800, at *1 (M.D. Fla. Nov. 9, 2012) (collecting cases in which the court often denies motions for sanctions for failure to comply with the safe harbor provision).

"The standard for testing conduct under . . . Rule 11 is 'reasonableness under the circumstances.'" *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003) (citations omitted). Courts apply a "two-step inquiry as to (1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleading should have been aware that they were frivolous." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998) (citations omitted). Rule 11 sanctions should be imposed "when a party files a pleading that (1) has no reasonable factual basis; (2) is based on legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose." *Id.* "Rule 11's purpose is to determine whether a party or attorney has abused the judicial process." *Wheeler v. Lake Rousseau Resort, LLC*, No. 5:20-CV-172-OC-30PRL, 2021 WL 3501097 at * 1 (M.D. Fla. Feb. 8, 2021).

## III.    ANALYSIS

Upon review, Mr. Harris's complaint does not warrant Rule 11 sanctions. For Rule 11 purposes (and without commenting on the ultimate merits of his claims), Mr. Harris's claims are not objectively frivolous, do not lack a reasonable factual basis, and are not based on a legal theory that has no chance of success.

Mr. Harris was not untruthful when asserting the original charges in Indiana were dismissed. The record shows Mr. Harris was charged with two counts of sexual misconduct with a minor on March 17, 2004 (class B and C felonies, respectively). (Docs. 1, p. 5; 23-2, p. 1). A new sexual conduct with a minor charge (a class D felony) "was added for the purpose of the plea" on December 15, 2004. (Docs. 23-2, p. 1; 23-3 p. 2). The record indicates the original March charges (the class B and C felonies) were dismissed, and Mr. Harris accepted a guilty plea as to the subsequent December charge (the class D felony). (Docs. 1, p. 5; 23-2, pp. 5−6). Despite the defendants' claims, Mr. Harris's complaint does not misrepresent this sequence of events. [1] Mr. Harris acknowledges his 2005 conviction stemming from the December 2004 charge. (Doc. 1, p. 5).

The defendants also argue the complaint contains a materially false

---

[1] It appears there is a misunderstandings surrounding which charges constitute the "original" charges. A fair reading of the complaint reveals the "original" charges are the initial two March charges.

statement worthy of Rule 11 sanctions because it states, "Thus, Harris never qualified for registration." (Doc. 28). Mr. Harris's complaint asserts he was not required to register as a sex offender in Indiana because the original charges, meaning the two March charges, were dismissed. (Doc. 1, p. 5). During the Indiana sentencing hearing, the prosecutor represented the Class D felony Mr. Harris pleaded guilty to is not a registration offense in Indiana. (Doc. 23-3, p. 8). Consequently, Mr. Harris argues he should not have been registered as a sex offender in Florida. (*Id.*). Mr. Harris has not been deceitful or abused the judicial process.

Without commenting on the legal merit of Mr. Harris's cause of action and making no decision about whether he will ultimately prevail in this action, the court recommends Rule 11 sanctions are not warranted. A motion for judgment on the pleadings or a motion for summary judgment may more appropriately dispose of the issues. A motion for sanctions is not the appropriate vehicle to address the legal sufficiency of a party's position. *See Wheeler*, 2021 WL 3501097 at * 1 (denying the motion for sanctions, where the motion essentially converted "a dispute over the factual allegations and legal arguments into a sanctions dispute," "because a Rule 11 motion is not an avenue to seek . . . a judgment on the merits of a party's position").

## IV.   CONCLUSION

On this record, Rule 11 sanctions are not warranted. It is therefore

**RECOMMENDED** that the defendants' motion for sanctions (Doc. 19) be

**DENIED.**

**ENTERED** in Tampa, Florida, on November 17, 2025.

*Amanda Arnold Sansone*
—————————————————
AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.