UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DERRICK HARRIS

    Plaintiff,

v.                                                                Case No. 8:25-cv-2172-KKM-AAS

BOB GUALTIERI, *in his official capacity as sheriff of Pinellas County, Florida*, et al.

    Defendants.

_____

## ORDER

The United States Magistrate Judge recommends denying the defendants' motion for sanctions against pro se Plaintiff Derrick Harris. R. & R. (Doc. 31), Mot. (Doc. 19). The defendants object. Obj. (Doc. 32) Considering the record, I overrule the objections, adopt the Report and Recommendation, and deny the motion.

### I. BACKGROUND

In 2004, Indiana officials charged Harris with at least two counts of sexual misconduct with a minor, class B and C felonies in that state. (Doc. 23-2) at 5–6; R. & R. at 5. As part of a plea deal, the two charges were dropped, and Harris was convicted of a new, third charge, sexual misconduct with a

minor (felony class D), which did not require registration as a sex offender in Indiana. *See* Resp. (Doc. 23) at 1; Obj. at 3; R. & R. at 6; Compl. (Doc. 1) at 5.

In August 2023, Florida officials put Harris on the Sex Offender Registry in connection with his criminal record from Indiana. *See* Compl. at 5. In response, Harris filed suit in this Court on August 15, 2025, alleging violations of his civil rights. *See id.* at 3–5. Harris sued four defendants in their official capacities, including Bob Gualtieri and Aaron W. Smith, Sheriff and Deputy Sheriff, respectively, of Pinellas County, Florida, as well as Florida Governor Ron Desantis and Government Operations Consultant Gary Carmichael. *Id.* at 2–3.

The complaint alleges that, during a hearing, Carmichael "had Mr. Harris place[d] on the [Registry]" after he "concluded that the charges involved in the conviction of Derrick Harris [were] similar to Florida Statute 800.04 (6)." *Id.* at 5. "What Mr. Gary Carmichael failed to mention," the complaint alleges, "was that those original charges were dismissed . . . . Thus, Harris Never Qualified for Registration." *Id.* Further, the complaint asserts that the registration requirement does not apply if the individual provides proof of a court order removing the requirement in another jurisdiction. *Id.* Finally, the complaint alleges other misconduct related to Harris's placement on the

registry, including that Defendant Smith falsely asserted that Harris had previously been required to register in Indiana. *Id.*

Defendants Gualtieri and Smith moved for sanctions against Harris based on the allegations in the complaint. Mot. As grounds, they argue that Harris intentionally misrepresented to the Court that the "original charges" were dismissed, that he purposefully omitted his conviction, and made a legally frivolous claim. Mot. at 6–7; Obj. at 2–6. Harris objected to the motion. Resp. In his response and the accompanying exhibits, Harris provided a fuller account of the Indiana proceedings, including the plea deal and subsequent conviction. *Id.*; (Docs. 23-1, 23-2, 23-3).

The United States Magistrate Judge recommends that I deny the motion, and the defendants object. The Magistrate Judge concludes that Rule 11 sanctions are not warranted because Harris's claims (1) are not objectively frivolous; (2) do not lack a reasonable factual basis; and (3) are not based on a legal theory that has no chance of success. R. & R. at 5.

The Magistrate Judge bases her recommendation on three points. First, she finds that "Harris was not untruthful when asserting the original charges in Indiana were dismissed" because, under "[a] fair reading of the complaint . . . the 'original' charges are the initial two March charges." *Id. n.5*. Second, she finds that Harris's assertion that he "never qualified for

3

registration" is neither materially false nor evidence of abuse of the judicial process. *Id.* at 5–6. Third, she determines that the defendants' objections contest "the merits of a party's position" and thus are more appropriately considered as part of a dispositive motion. *Id.* at 6.

The defendants object to each finding and conclusion. Moreover, Defendants argue that they are prejudiced because Harris supplemented his complaint in the form of a response rather than an amendment. As a result, Defendants assume, they cannot move to dismiss effectively because they are limited to the four corners of the complaint. Obj. at 3 n.2; Reply in Support of Mot. (Doc. 28) at 3–4.

## II.  LEGAL STANDARDS

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by a magistrate judge, the district court must conduct a de novo review with respect to that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v.*

*Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).[1]

Federal Rule of Civil Procedure 11(c) authorizes sanctions "when a party files a pleading or motion that '(1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose.' " *Gulisano v. Burlington, Inc.*, 34 F.4th 935, 941 (11th Cir. 2022) (quoting *Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300, 1314 (11th Cir. 2021)).

Rule 11 sanctions are within a district court's discretion. *See Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003) (per curiam). "When deciding whether to impose sanctions under Rule 11, a district court must conduct a two-step inquiry, determining '(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous.' " *Gulisano*, 34 F.4th at 942 (quoting *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998)). "Although the [Rule 11] standard is the same for unrepresented parties, who are obliged

---

[1] The defendants argue that the Magistrate Judge's report should be reviewed under a clear error standard. Obj. at 2. I need not reach this question because my decision would remain the same even if a more lenient standard of review applied. *See* FED R. CIV. P. 72(a).

themselves to sign the pleadings, the court has sufficient discretion to take account of the special circumstances that often arise in *pro se* situations." FED. R. CIV. P. 11 advisory committee's note to 1983 amendment.

### III. ANALYSIS

I agree with the Magistrate Judge's findings and conclusion. There is insufficient evidence to infer bad faith. A plausible dispute exists over the meaning of the word "original." And Harris's contention that he "never qualified for registration" does not rise to the level of warranting a sanction. Moreover, the defendants overstate the threat of prejudice. They are free to ask this Court to take judicial notice of a fact—including a criminal conviction—in a motion to dismiss. *See McDowell Bey v. Vega*, 588 F. App'x. 923, 926–27 (concluding that a district court judge, at the motion to dismiss stage, permissibly took judicial notice of a state court docket that showed the plaintiff's prior criminal charges); *see also Madera v. Fla.*, No. 25-22636-CIV, 2025 WL 2549978, at *2 n.2 (S.D. Fla. Sept. 4, 2025) (taking judicial notice of a state court criminal docket). Especially given Harris's pro se status and efforts to supplement his complaint, Rule 11 sanctions are not appropriate. The defendants may ask this Court to take judicial notice of a fact. Thus, I adopt the Report and Recommendation and deny the Motion for Sanctions.

Accordingly, the following is **ORDERED**:

1. The Magistrate Judge's Report and Recommendation (Doc. 31) is **ADOPTED** and made a part of this Order for all purposes.

2. The defendants' Motion for Sanctions (Doc. 19) is **DENIED**.

3. All defendants in this action shall respond to Harris's amended complaint no later than **December 19, 2025**.

**ORDERED** in Tampa, Florida, on December 5, 2025.

Kathryn Kimball Mizelle
United States District Judge